IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:17-CT-3118-FL

| | | |
|---|---|---|
| WILLIAM DEVON GAY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| DIONNE SHERRILL, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on the following motions by defendant: 1) for summary judgment pursuant to Federal Rule of Civil Procedure 56, (DE 39), and 2) to seal certain exhibits filed in support of the motion for summary judgment, (DE 43). Plaintiff did not respond to the motions and in this posture the issues raised are ripe of ruling. For the reasons that follow, the court grants the motions.

## STATEMENT OF THE CASE

Plaintiff, a state inmate proceeding pro se, commenced this action by filing complaint on May 2, 2017, asserting claims for violations of his civil rights pursuant to 42 U.S.C. § 1983. Plaintiff alleges defendant Dionne Sherrill ("defendant") used excessive force against him in violation of the Eighth Amendment to the United States Constitution. Plaintiff seeks compensatory and punitive damages.

On January 9, 2018, the court conducted its frivolity review of plaintiff's complaint pursuant to 28 U.S.C. § 1915(e), and allowed the action to proceed. On April 25, 2018, plaintiff moved for appointment of counsel. On April 26, 2018, the court denied the motion to the extent

plaintiff requested general appointment of counsel, but informed plaintiff that North Carolina Prisoner Legal Services, Inc. would be appointed to assist him in discovery.

On May 22, 2018, the court entered case management order governing discovery and dispositive motions practice, and also appointed NCPLS to represent plaintiff for the discovery phase of the case. The parties completed discovery on or about February 12, 2019.

On March 14, 2019, defendant filed the instant motion for summary judgment, arguing she is entitled to judgment as a matter of law because the record evidence establishes she did not use any force against plaintiff. In support, defendant relies upon memorandum of law, statement of material facts, and the following: 1) declaration of Shahzad Ahmed; 2) plaintiff's medical records from July 11, 2016; 3) declaration of Tamara Millines; 4) North Carolina Department of Public Safety ("DPS") offender information statement as to plaintiff; 5) plaintiff's DPS infraction history; 6) DPS incident report as to the alleged use of force incident; 7) video recordings and images of the alleged use of force incident; 8) declaration of defendant; 9) declaration of LaTonya Phillips. Defendant also moves to seal the medical records filed in support of the instant motion for summary judgment. On March 15, 2019, the court provided plaintiff notice of the motion pursuant to <u>Roseboro v. Garrison</u>, 528 F.2d 309 (4th Cir. 1975). As noted, plaintiff did not respond to defendant's motion.

## STATEMENT OF THE FACTS

At the time of the alleged use of force incident, defendant was a nurse at Central Prison, located in Raleigh, North Carolina. (Compl. (DE 1) ¶ III.B). Plaintiff's verified complaint alleges that defendant assaulted him on July 11, 2016, by throwing a water bottle that struck him

in the face. (Id. at 4).¹ On that date, plaintiff requested medical care because a metal object had become lodged in his esophagus. (Id.). A corrections officer escorted plaintiff to the nursing station. (Id.). Defendant, however, refused to examine plaintiff because medical staff had previously examined him and determined he did not require medical attention. (Id.). When the parties began to argue, the officer escorted plaintiff out of the nursing station. (Id.). Plaintiff stopped at the nursing station door and "made a general statement that could have been considered a threat." (Id.). Defendant responded by throwing a "semi-frozen" water bottle at plaintiff, which struck him on the left side of the head. (Id.). Plaintiff alleges that his left ear started bleeding. (Id.). Defendant continued to charge at plaintiff and threw a bottle of cleaning disinfectant at plaintiff, although that bottle missed him. (Id.).

Defendant does not dispute that she and plaintiff got into a verbal argument, or that she threw the water bottle at him.² (Sherill Aff. (DE 41-7) ¶¶ 9-11). Defendant, however, testified that the water bottle did not strike plaintiff. (Id. ¶ 11). The video recording and still images captured therefrom shows that the water bottle approached plaintiff at his shoulder level and passed by him without changing its trajectory. (Millines Decl. (DE 41-3) Ex. D – C146 Unit A2 Medical Video at 3:17:00-3:17:05³; Millines Decl. (DE 41-3) Ex. F – Water Bottle Marked⁴).

After the incident, DPS officials photographed plaintiff's head in the area where the water

---

¹ Unless otherwise specified, page numbers specified in citations to the record in this order refer to the page number of the document designated in the court's electronic case filing (ECF) system, and not to page numbering, if any, specified on the face of the underlying document.

² Defendant testified that the water bottle was not frozen. (Sherrill Aff. (DE 41-7) ¶ 11).

³ Exhibit D to the Millines declaration (the video recording) was submitted on a manual flash drive, filed manually with the clerk of court.

⁴ This exhibit also is on the manually-filed flash drive. As plaintiff did not respond to the instant motion, he does not contest the authenticity of these images.

3

bottle allegedly struck him. His outer ear was not bleeding, and no visible injuries were present. (Millines Decl. (DE 41-3) Ex. E William Gay Photos[5]).

## DISCUSSION

A.  Standard of Review

Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The party seeking summary judgment "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once the moving party has met its burden, the non-moving party must then "come forward with specific facts showing that there is a genuine issue for trial." Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586–87 (1986) (internal quotation omitted).

Only disputes between the parties over facts that might affect the outcome of the case properly preclude entry of summary judgment. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247–48 (1986) (holding that a factual dispute is "material" only if it might affect the outcome of the suit and "genuine" only if there is sufficient evidence for a reasonable jury to return a verdict for the non-moving party). "[A]t the summary judgment stage the [court's] function is not [itself] to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." Id. at 249. In determining whether there is a genuine issue for trial, "evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in

---

[5]  This exhibit also is on the manually-filed flash drive.

[non-movant's] favor." Id. at 255; see United States v. Diebold, Inc., 369 U.S. 654, 655 (1962) ("On summary judgment the inferences to be drawn from the underlying facts contained in [affidavits, attached exhibits, and depositions] must be viewed in the light most favorable to the party opposing the motion.").

Nevertheless, "permissible inferences must still be within the range of reasonable probability, . . . and it is the duty of the court to withdraw the case from the [factfinder] when the necessary inference is so tenuous that it rests merely upon speculation and conjecture." Lovelace v. Sherwin–Williams Co., 681 F.2d 230, 241 (4th Cir. 1982) (quotations omitted). Thus, judgment as a matter of law is warranted where "the verdict in favor of the non-moving party would necessarily be based on speculation and conjecture." Myrick v. Prime Ins. Syndicate, Inc., 395 F.3d 485, 489 (4th Cir. 2005). By contrast, when "the evidence as a whole is susceptible of more than one reasonable inference, a [triable] issue is created," and judgment as a matter of law should be denied. Id. at 489–90.

B.  Analysis

Plaintiff alleges defendants used excessive force against him in violation of the Eighth Amendment. The Eighth Amendment prohibits the "unnecessary and wanton infliction of pain" which constitutes cruel and unusual punishment. Whitley v. Albers, 475 U.S. 312, 319 (1986). The excessive force inquiry has an objective prong and a subjective prong. Under the objective prong, the inmate must establish that the forced used was "nontrivial." Wilkins v. Gaddy, 559 U.S. 34, 39 (2010) (per curiam).

To satisfy the subjective component, the inmate must show a prison official acted with a "sufficiently culpable state of mind." Wilson v. Seiter, 501 U.S. 294, 297 (1991). In an

5

excessive force case, "the 'state of mind required is wantonness in the infliction of pain.'" <u>Brooks v. Johnson</u>, 924 F.3d 104, 112 (4th Cir. 2019) (quoting <u>Iko v. Shreve</u>, 535 F.3d 225, 239 (4th Cir. 2008)). The relevant inquiry for the subjective prong is whether the force was applied "in a good faith effort to maintain to restore discipline," or "maliciously" and "for the very purpose of causing harm." <u>Whitley</u>, 475 U.S. at 320-22; <u>Brooks</u>, 924 F.3d at 113. Although "[a]n express intent to inflict unnecessary pain is not required" to establish an excessive force claim under the Eighth Amendment, an inmate must show that the defendant inflicted unnecessary and wanton pain and suffering. <u>Whitley</u>, 475 U.S. at 319.

Here, although plaintiff testified that the water bottle struck him in the head, the uncontradicted video evidence blatantly contradicts his account. <u>See</u> <u>Scott v. Harris</u>, 550 U.S. 372, 380-81 (2007) (holding court is not required to credit plaintiff's version of events that is blatantly contradicted by undisputed video recording); <u>Harris v. Pittman</u>, 927 F.3d 266, 275-76 (4th Cir. 2019). As set forth above, the video recording shows that the water bottle passed by plaintiff at his shoulder level without striking him. (Millines Decl. (DE 41-3) Ex. D – C146 Unit A2 Medical Video at 3:17:00-3:17:05; Millines Decl. (DE 41-3) Ex. F – Water Bottle Marked). Additionally, plaintiff's claims that his ear was "bleeding" are blatantly contradicted by undisputed photographic evidence. (Millines Decl. (DE 41-3) Ex. E William Gay Photos). Where plaintiff was not subjected to any "force," he cannot establish the use of force was "nontrivial" in this instance. <u>Wilkins</u>, 559 U.S. at 39. Accordingly, defendant is entitled to summary judgment.

C.  Motion to Seal

Defendant moves to seal the emergency room notes submitted in support of the instant motion for summary judgment. Plaintiff does not object to sealing these records. The public has

6

received adequate notice of the motion to seal. Regarding the documents the defendant seeks to seal in their entirety, no less drastic alternative to sealing is available because the private information appears throughout the filings sought to be sealed. Plaintiff's interest in preserving the confidentiality of his private health conditions outweighs any public interest in disclosure. Accordingly, the court grants the motion to seal.

## CONCLUSION

Based on the foregoing, the court GRANTS defendant's motions for summary judgment, (DE 39), and to seal, (DE 43). The clerk is DIRECTED to maintain docket entry 42 under seal, and to close this case.

SO ORDERED, this the 23rd day of March, 2020.

_____
LOUISE W. FLANAGAN
United States District Judge